641 So.2d 437 (1994)
SUMMIT BOULEVARD ANIMAL CLINIC, Appellant,
v.
LEMON TREE PLAZA and Allen J. Gluckstern, Appellees.
No. 93-1831.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
*438 Kenneth G. Spillas, West Palm Beach, for appellant.
Kenneth J. Scherer, West Palm Beach, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellees.
STEVENSON, Judge.
This is an action for breach of a commercial lease agreement. Appellant-lessee, Summit Boulevard Animal Clinic, Inc. ("Summit") filed suit against appellees-lessors, Lemon Tree Plaza and Allan Gluckstern (hereinafter collectively referred to as "Lemon Tree"), alleging that Lemon Tree did not afford it a right of first refusal and an option to purchase a shopping plaza at a fixed price as provided for in the parties' lease. The case was tried by jury. At the close of Summit's case, the trial court granted Lemon Tree's motion for directed verdict on the ground that Summit failed to submit proof in its case-in-chief that it had the financial ability to exercise the option and purchase the property at the agreed upon option price of $380,000. We affirm.
In this appeal, the issue is whether the optionee has the burden of proving the ability to perform and exercise an option where the optionor repudiates the option contract. While there appears to be no Florida case law directly on point, the overwhelming weight of authority in this country supports the view that the burden of proof is on the optionee who must prove a readiness, willingness and ability to perform on the option contract in order to recover. See Kanavos v. Hancock Bank & Trust Co., 395 Mass. 199, 479 N.E.2d 168 (1985) and cases cited therein. See also 5 Samuel Williston, Contracts § 699 (3d ed. 1961); 4 Arthur L. Corbin, Contracts § 978 (1951); Restatement (Second) of Contracts § 254 cmt a (1981). We adopt this majority view and hold that the optionee has the burden of proving the ability to perform and exercise the option where the optionor repudiates the option contract. We therefore conclude that proof of ability to perform is an essential element of the optionee's cause of action.
We find persuasive the reasoning of the Supreme Court of Massachusetts in Kanavos (a case which also involved a repudiated option contract):
The burden was on Kavanos to prove his ability to finance the purchase of the stock. The fact of his ability to do so was an essential part of establishing the defendant's liability. Circumstances concerning his ability to raise [money] for the stock were far better known to him than to the bank. It is, of course, true that the bank created the problem by selling the stock to another in violation of its contractual obligation, and one could argue that, therefore, it should take the risk of failing to establish *439 Kavanos's inability to purchase the stock. Such an argument, however, has not been generally accepted, for to do so would in effect place on the defendant the burden of disproving a fact essential to the plaintiff's case. (emphasis added)
Id., 479 N.E.2d at 172.
We also conclude that the evidence proffered by Summit to prove its ability to perform was insufficient to warrant sending the case to the jury. Summit simply provided no competent evidence which would allow the jury to conclude that it had either the funds on hand, or the ability to obtain the necessary funds with which to purchase the property and exercise the option. Accordingly, the judgment of the trial court is AFFIRMED.
GUNTHER, J., and BARR, ROBBIE M., Associate Judge, concur.